**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**KEITH LONZER STEWART BEY,**

   **Plaintiff,**

**vs.**                                        **CASE NO. 4:16cv509-WS/CAS**

**BILL BLUE, et al.,**

   **Defendants.**

_____/

## REPORT AND RECOMMENDATION

This cause is before me upon referral from the Clerk.  In an Order

filed August 11, 2016,  Plaintiff was directed to file an amended civil rights

complaint and an in forma pauperis application and financial affidavit on the

Court forms provided by the Clerk by September 12, 2016.   Plaintiff was

specifically warned that a recommendation would be made that this case

would be dismissed if he did not comply with that order.  ECF No. 4.  On

August 16, 2016, Plaintiff submitted a document titled "Affidavit of

Obligation," ECF No. 5, which appears to be his attempt to file the

Amended Complaint, however, it was not on the complaint form provided

and he also failed to submit the IFP motion and affidavit as directed.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute.  Link v. Wabash R.R., 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); Chambers v. NASCO, Inc., 501 U.S. 32, 44, 111 S. Ct. 2123, 2132, 115 L. Ed. 2d 27 (1991).  Also, Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order.  Moon v. Newsome, 863 F.2d 835, 838 (11th Cir. 1989), cert. denied, 493 U.S. 863 (1989), and cases cited; Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993).  Plaintiff did not comply with a court order or prosecute this case.  This action should now be dismissed.

Plaintiff shall have a 14 day period after service of this Report and Recommendation in which to file objections.  This will also afford Plaintiff a final opportunity to show good cause for his failure to respond.  Alternatively, Plaintiff may also file a "motion for reconsideration" which will be referred to me by the Clerk.

It is therefore, respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice.

**IN CHAMBERS** at Tallahassee, Florida, on September 21, 2016.

**s/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**